IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| ANTHONY LAMONT BEVERLEY | * | |
| | * | |
| and | * | |
| | * | Civil Action No.: _____ |
| VICTORIA F. BEVERLEY | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| JAYCO, INC. | * | |
| | * | |
| Please Serve: | * | |
| C T Corporation System, Registered Agent | * | |
| 334 North Senate Avenue | * | |
| Indianapolis, IN 46204 | * | |
| | * | |
| and | * | |
| | * | |
| CAMPING WORLD RV SALES, LLC | * | |
| | * | |
| Please Serve: | * | |
| C T Corporation System, Registered Agent | * | |
| 4701 Cox Road, Suite 285 | * | |
| Glen Allen, VA 23060 | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | * | |

## COMPLAINT

NOW INTO Court, through undersigned counsel, come the Plaintiffs, Anthony Lamont Beverley and Victoria F. Beverley, and move the Court for Judgment against Defendants, Jayco, Inc. and Camping World RV Sales, LLC, on the basis of the following facts and law:

## JURISDICTION

1. This Honorable Court has Diversity Jurisdiction of this Civil Action pursuant to 28 U.S.C. §1332. Plaintiffs are citizens of Virginia and domiciled in Stafford County, Virginia. Defendant Jayco, Inc. is a corporation incorporated under the laws of Indiana with a principal place of business in Middlebury, Indiana. Defendant Camping World RV Sales, LLC, is a corporation organized under the laws of Minnesota with principal place of business in Illinois. The amount in controversy exceeds $75,000.00.

2. This Honorable Court has Federal Question Jurisdiction of this civil action pursuant to 28 U.S. Code §1331. The Plaintiff asserts a claim pursuant to the Magnuson-Moss Warranty Act, 15 U.S. Code §§2301-2312. The amount in controversy exceeds $50,000.00.

## VENUE

3. Venue in this Honorable Court is proper pursuant to 28 U.S.C. §1391 as this Judicial District is where a substantial part of the events and/or omissions giving rise to the claims occurred.

4. Venue in the Alexandria Division is proper pursuant to Local Civil Rule 3 because this is where a substantial part of the events and/or omissions giving rise to the claims alleged.

## FACTS

5. Plaintiff Anthony Lamont Beverley is a citizen of Virginia residing in and domiciled in Stafford County, Virginia.

6. Plaintiff Victoria F. Beverley is a citizen of Virginia residing in and domiciled in Stafford County, Virginia.

7. Defendant Jayco, Inc., is a corporation organized under the laws of Indiana with a principal place of business in Middlebury, Indiana.

8. Defendant Camping World RV Sales, LLC, is a corporation organized under the laws of Minnesota with a principal place of business in Illinois.

9. On July 28, 2022, Plaintiffs purchased a Jay Feather Micro 171BH, VIN 1UJBJ0AJ2N1JK0798, from Camping World RV Sales, (hereinafter "*Camping World*") in Thornburg, VA, for $43,825.96. This camper was manufactured by Defendant Jayco, Inc. On information and belief, Camping World is the authorized sales and warranty repair agent of Defendant Jayco, Inc.

10. When Plaintiffs purchased the Feather Micro trailer at Camping World RV Sales, the employees of Camping World were acting on behalf of and as agents for Defendant Jayco, Inc. When the purchase was made, Camping World employees did not give the Plaintiffs the opportunity to review the Jayco warranty applicable to the Jayco Feather Micro 171BH. Unbeknownst to the Plaintiffs, because it was concealed by Jayco and Jayco's representatives and agents, the Jayco warranty contained the following provision on the last page of the fifteen-page warranty book:

### LEGAL REMEDIES

*"EXCLUSIVE JURISDICTION FOR DECIDING LEGAL DISPUTES RELATING TO AN ALLEGED BREACH OF WARRANTY OR OTHERWISE RELATING TO YOUR PURCHASE OR OWNERSHIP OF THE RV MUST BE FILED IN THE COURTS WITHIN THE STATE OF INDIANA. THIS LIMITED WARRANTY SHALL BE INTERPRETED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF*

*INDIANA. THIS WARRANTY GIVES YOU SPECIFIC LEGAL RIGHTS, AND YOU MAY ALSO HAVE OTHER RIGHTS THAT MAY VARY FROM STATE TO STATE OR PROVINCE TO PROVINCE. ALL ACTIONS OF ANY KIND RELATING TO THE RV SHALL BE DECIDED BY A JUDGE RATHER THAN A JURY.*"

11. The fact that Jayco, Inc., and its representatives and agents of Camping World RV Sales, LLC, did not disclose this material term, and in fact concealed this material term, was a violation of the Virginia Consumer Protection Act, Virginia Code §59.1-196 et seq., specifically §59.1-200 (A)(14) as it is using a "*deception, fraud, false pretense… or misrepresentation in connection with a consumer transaction.*" Had the Plaintiffs known what was concealed, (that they could not apply Virginia law and they had to go to Indiana to file suit), the Plaintiffs never would have purchased the subject trailer. They would have walked away. This violation of Virginia Code §59.1-200(14) is a willful, knowing violation justifying the imposition of treble damages pursuant to Virginia Code § 59.1-204. The Plaintiffs are entitled to actual damages including but not limited to the purchase price of $43,825.96 plus compensation for incidental and consequential damages, mental anguish, inconvenience, embarrassment, attorney fees and costs, all trebled according to law. [1]

12. On July 30, 2022 – two days after purchasing the trailer – the Plaintiffs returned the trailer to Camping World because the entry door was malfunctioning. On information and belief, Camping World is an authorized warranty repair agent for Jayco. It was determined the entry door was not installed properly by the

---

[1] The contact between the Plaintiffs and Defendant Camping World RV Sales, LLC, conflicts with the Jayco, Inc. warranty:

"*15. CHOICE OF LAW AND VENUE, FEES, Any controversy, dispute or claim arising out of or relating to this Agreement or breach thereof shall be interpreted under the laws of the state in which the Dealer is located and venue will be in the state and county which Dealer is located or the applicable federal court…*"

manufacturer, Jayco, Inc. Jayco, Inc. authorized the installation of a new door and frame, all of which was covered under the warranty. The trailer was out of service for this repair attempt for 52 days.

13. When the Plaintiffs came to pick-up the trailer, the water heater door was missing and the latch that holds it was broken. It took another 30 days to replace and repair this part.

14. The Plaintiffs again reported to Camping World RV Sales, LLC, that the entry door to the trailer was not working. Camping World RV Sales, LLC, was unable to repair the malfunctioning and defective door because the frame was bent and Camping World could not fix it. On December 8, 2022, Jayco, Inc. informed the Plaintiffs it would not authorize nor pay for any additional repair under the guise that Camping World RV Sales, LLC, improperly performed the first door repair.

15. As of the filing of this lawsuit, the Plaintiffs' camper has been out of service in excess of 250 days due to unsuccessful repair attempts. The Plaintiffs have never used the camper because they cannot use the door to gain entry, or use the door to leave the camper. The only way the Plaintiffs can get in or out of the camper is by crawling through a small rear access door and crawl under the bunks.

16. Defendant Jayco, Inc. has refused to repair the Plaintiffs' vehicle.

## COUNT ONE
## VIOLATION OF VIRGINIA CONSUMER PROTECTION ACT

17. Paragraphs 1-11 are re-pled herein by reference.

18. The Virginia Consumer Protection Act Virginia Code §59.1-196 et seq. was enacted as remedial legislation to promote fair and ethical standards of dealings between suppliers and the consuming public. Fraudulent acts or practices committed by a supplier in connection with a consumer transaction are unlawful. The Plaintiffs are consumers as defined by the Act. The Defendants are suppliers as defined by the Act. Defendants Jayco, Inc. and Camping World Sales, LLC, have violated the Act by fraudulently concealing the material term that any claim against Jayco, Inc. must be brought in Indiana courts and any claim must be controlled by Indiana law even though the Plaintiffs are Virginians, and they bought the trailer in Virginia. If this material term had not been the subject of deception, concealment, and fraud under the VCPA, the Plaintiffs never would have purchased the trailer. See, Va. Code §59.1-200(A)(14).

19. The Defendants have also violated VCPA §59.1-200(A)(8) by falsely maintaining the camper would be fit for its reasonable intended purpose, and violated §59.1-200(A)(10) by misrepresenting that repairs, alterations, modifications, or services had been done when they had not.

20. Plaintiffs move the Court for judgment in the amount of $43,825.00, trebled for willful violation of the Virginia Consumer Protection Act, for a total of $131,475.00, plus incidental and consequential damages, emotional upset, anxiety, embarrassment, plus reasonable attorney fees in the amount of $550 per hour, or one-third of the amount recovered; whichever of the two is greater.

## COUNT TWO
## MAGNUSON-MOSS WARRANTY ACT VIOLATIONS

21. The facts alleged in paragraphs 1-17 are incorporated herein by reference.

22. Plaintiffs are consumers as defined in 15 U.S.C. §2301(3). Defendant fits the definition of a supplier and warrantor as defined in 15 U.S.C. § 2301(4)-(5). The camper is a consumer product as defined in 15 U.S.C. § 2301(1).

23. The vehicle was manufactured after July 4, 1975, and an express Limited Warranty and an implied warranty of merchantability was given to Plaintiffs as a part of the purchase, warranties which meet the definition of written warranty and implied warranty as contained in 15 U.S.C. §2301(6)-(7), respectively.

24. The Limited Warranty has failed its essential purpose and the Defendants have violated the Act due to their inability to repair or replace the nonconformities within a reasonable time, and their refusal to provide the Plaintiffs with a refund as required in 15 U.S.C. §2304(a)(1) and (4).

25. The Defendants have also breached their implied warranties of merchantability since the camper, in view of the nonconformities that exist and the Defendants' inability to correct them, is not fit for the ordinary purpose for which the camper is being used. See 15 U.S.C. §§2308, 2310(d).

26. As a proximate result of Defendants' violations of the Magnuson-Moss Warranty Act and breach of their warranties, the Plaintiffs have been damaged for which the Defendants are responsible. See 15 U.S.C. §§2304(a) and 2310(d).

27. Plaintiffs also seek a judgment award equal to the aggregate amount of cost and expenses, including attorneys' fees at a rate of $550.00 per hour or 1/3rd of whatever is recovered, whichever is greater. See, 15 U.S.C. §2310(d)(2).

WHEREFORE, Plaintiffs Anthony Lamont Beverley and Victoria F. Beverley, move the Court for judgment for rescission of their contract with Defendant Jayco, Inc., for damages in the amount of the purchase price for their camper ($43,825.00), trebled for willful violation of the Virginia Consumer Protection Act, court costs and expenses, including attorney's fees at a rate of $550.00 per hour or 1/3rd of whatever is recovered, whichever is greater.

**Trial by Jury is demanded.**

Respectfully Submitted,

ANTHONY LAMONT BEVERLEY and
VICTORIA F. BEVERLEY

/s/ James B. Feinman

James B. Feinman, Esq. (VSB No. 28125)
James B. Feinman & Associates
P.O. Box 697
Lynchburg, VA  24505
(434) 846-7603 (phone)
(434) 846-0158 (fax)
jb@jfeinman.com

/s/ James B. Feinman