IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ANTHONY LAMONT BEVERLEY, *et al.*,  )
)
        Plaintiffs,  )
)
)  Case No. 1:23-cv-00814 (PTG/JFA)
v.  )
)
)
JAYCO, INC., *et al.*,  )
)
        Defendants.  )
)

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Jayco, Inc.'s Motion to Transfer. Dkt. 16. This matter was previously scheduled for a hearing. However, the Court will dispense with oral argument as it would not aid in the decisional process. Upon consideration of the parties' pleadings and good cause shown, the Court will grant Defendant Jayco's Motion to Transfer and transfer this civil action to the District Court for the Northern District of Indiana, South Bend Division.[1]

### Factual Background

In their Complaint, Plaintiffs allege that they purchased a Jay Feather Micro 171BH camper ("camper") from Defendant Camping World for $43,825.96 on July 28, 2022. Dkt. 1 ("Compl.") ¶ 9. This camper was manufactured by Defendant Jayco. *Id.* On the date of purchase, Plaintiffs acknowledged and endorsed a purchasing agreement with Camping World. *See* Dkt. 8-1.

---

[1] In granting the Motion to Transfer, the Court reserves ruling on Defendant Jayco's Motion to Dismiss (Dkt. 14) as well as Defendant Camping World RV Sales, LLC's ("Camping World") Partial Motion to Dismiss (Dkt. 10).

Plaintiffs allege, however, that employees of Camping World did not give Plaintiffs the opportunity to review a Limited Warranty, from Defendant Jayco, applicable to the camper. Compl. ¶ 10. That Limited Warranty states in relevant part that,

> EXCLUSIVE JURISDICTION FOR DECIDING LEGAL DISPUTES RELATING TO AN ALLEGED BREACH OF WARRANTY OR OTHERWISE RELATING TO YOUR PURCHASE OR OWNERSHIP OF THE RV MUST BE FILED IN THE COURTS WITHIN THE STATE OF INDIANA. THIS LIMITED WARRANTY SHALL BE INTERPRETED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF INDIANA.

*Id.*

On July 30, 2022, Plaintiffs returned the camper to Camping World because of a malfunctioning problem with the entry door, which was later determined to be an installation problem caused by the manufacturer, Defendant Jayco. *Id.* ¶ 12. After a first attempt to repair the camper, Plaintiffs later discovered additional problems with the vehicle. *See id.* ¶ 13. Plaintiffs allege that despite notifying Defendants of the problem with the camper, Defendants failed to make any additional repairs to the vehicle, causing Plaintiffs' camper to be out of service since, effectively, the date of purchase. *Id.* ¶¶ 14–15.

Plaintiffs initiated this civil action, suing Defendants for violations of the Virginia Consumer Protection Act and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq. Id.* at 6–8. Defendants have individually moved for dismissal on various grounds. *See* Dkts. 10, 14. Additionally, Defendant Jayco has moved to have this civil action transferred, in its entirety, to the Northern District of Indiana, South Bend Division, pursuant to 28 U.S.C. § 1404(a), on the grounds that Defendant Jayco's Limited Warranty is enforceable and consequently, the forum-selection clause contained in the warranty should be upheld. *See generally* Dkt. 17. In support of the Motion to Transfer, Defendant Jayco notes that Defendant Camping World has assented to having this case transferred to the Northern District of Indiana, South Bend Division. Dkt. 17 at 5 n.4.

**Legal Standard**

In *Atlantic Marine*, the Supreme Court held that a forum-selection clause may be enforced by a motion to transfer under 28 U.S.C. § 1404(a). *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 52 (2013). In pertinent part, section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). The Court further held that district courts must enforce a valid forum-selection clause for contracting parties who affirmatively agreed to litigate in a particular forum "unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Atl. Marine*, 571 U.S. at 52. Thus, when a valid forum-selection clause is present, the §1404(a) analysis changes to require only consideration of the public interests concerning transfer; the plaintiff's choice of forum and the private interests of the parties are irrelevant. *Id.* at 62–63.

*Atlantic Marine*, however, only dealt with forum-selection clauses between contracting parties. The case did not concern matters, such as this present one, involving non-contracting parties. In resolving such a matter, courts within this district have adopted the approach taken by the Third and Fifth Circuits which provides that when a court is "determin[ing] whether transfer is warranted[,]" the court should assess the following factors: "(1) that in 'all but the most unusual cases' claims bound by the forum-selection clause should be litigated in the chosen forum; (2) the private and public interests of parties not bound by the forum-selection clause; (3) practical threshold issues of jurisdiction and severance; and (4) judicial efficiency and 'any other public interests that weigh against enforcing a forum-selection clause.'" *Waterman v. Thor Motor Coach, Inc.*, No. 3:19-cv-890, 2020 WL 1290595, at *2–3 (E.D. Va. Mar. 18, 2020) (quoting *Artech Info Systems, LLC v. ProTek Consulting*, No. PX-17-3468, 2018 WL 3575054, at *3 (W.D. Md. July

25, 2018) (citing *In re Howmedica*, 867 F.3d at 390, 404–05 (3d Cir. 2017); *In Rolls Royce Corp.*, 775 F.3d 671, 681 (5th Cir. 2014))).

## Analysis

### I. The Forum-Selection Clause is a Valid and Enforceable Contractual Term

It is well-settled law that forum-selection clauses "are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Further, the party challenging enforcement of the forum-selection clause must make a "strong showing" that enforcing the clause is unreasonable, and therefore has a "heavy burden of proof." *Id.* at 15, 17.

Here, as noted above, the forum-selection clause at issue states that "exclusive jurisdiction for deciding legal disputes relating to an alleged breach of warranty or otherwise relating to your purchase ... must be filed in the courts within the State of Indiana." *See* Compl. ¶ 10. This is an exclusive forum-selection clause mandating that disputes relating to the Limited Warranty be litigated in the State of Indiana. Despite this explicit language, Plaintiffs argue that the forum-selection clause is not valid and should not be enforced because the clause "was not a mutually agreed upon contractual term." Dkt. 23 ¶ 5. In the alternative, Plaintiffs argue that the clause should not be enforced because it is unconscionable. *Id.* This Court disagrees.

First, Plaintiffs' own Complaint contradicts their assertion that the forum-selection clause is invalid because Plaintiffs were not given the opportunity to review Defendant Jayco's warranty at the time of purchasing the subject camper. In particular, the Complaint explicitly states that "an express Limited Warranty and an implied warranty of merchantability was given to Plaintiffs as a part of the purchase[.]" Compl. ¶ 23. The Complaint also states, in relevant part, that "Jayco, Inc. authorized the installation of a new door and frame, all of which was covered *under the warranty*."

4

Compl. ¶ 12 (emphasis added). Reading these paragraphs together, it is clear that the 'express Limited Warranty' mentioned in the Complaint is in reference to Defendant Jayco's Limited Warranty. Furthermore, Count Two of Plaintiffs' Complaint—for violations of the Magnuson-Moss Warranty Act—is predicated on Plaintiffs' assertion that Defendants breached their warranties, including the express limited warranty. *Id.* ¶¶ 23–24, 26. In short, the Court finds that the limited warranty Plaintiffs challenge in an effort to defeat enforcement of the forum-selection clause is the very warranty they seek to enforce in an effort to claim entitlement to relief under law. Plaintiffs, however, are "estopped from seeking to enforce the [warranty] while at the same time asserting that it was procured by fraud[ulent]" or other inappropriate means. *Torres v. SOH Distrib. Co.*, No. 3:10-cv-179, 2010 WL 1959248, at *4 (E.D. Va. May 13, 2010). Accordingly, the Court finds that the forum-selection clause is a valid contractual term Plaintiffs agreed to be bound to when they purchased the subject camper.

Turning to Plaintiffs' second argument that the clause is unconscionable, a contract term must be "both substantively and procedurally unconscionable to be struck down by a court." *Johnson v. Opportunity Fin., LLC*, No. 3:22cv190, 2023 WL 2636712, at *8 (E.D. Va. Mar. 24, 2023) (citing *Pelfrey v. Pelfrey*, 487 S.E.2d 281, 284 (Va. Ct. App. 1997)). The party seeking to invalidate a contract based on unconscionability "'has the burden of proving the grounds of unconsionability by clear and convincing evidence.'" *Id.* (quoting *Pillow v. Pillow*, 410 S.E.2d 407, 408 (Va. Ct. App. 1991)).

Here, although Plaintiffs allege that the forum-selection clause is unconscionable, they fail to explicitly argue how the clause is unconscionable in their response to Defendant Jayco's dispositive motions. *See* Dkt. 22 at 4–6; Dkt. 23 ¶ 5. For the sake of argument, the Court will infer that Plaintiffs are alleging that the forum-selection clause is procedurally unconscionable

5

because Defendants prevented Plaintiffs from becoming aware of the clause by not giving Plaintiffs a copy of the Limited Warranty. This argument, however, is defeated by the fact that Plaintiffs endorsed two separate written agreements stating that they had received and reviewed the terms of the Limited Warranty. *See* Dkts. 8-1 at 3, 17-1. On that basis alone, Plaintiffs' unconscionability argument fails. It also fails because nothing about the forum-selection clause creates inequality between Plaintiffs and Defendant Jayco that is "so gross as to shock the conscious" and make the clause substantively unconscionable. *Johnson*, 2023 WL 2636712, at *8 (quoting *Smyth Bros.-McCleary-McClellan v. Beresford*, 128 Va. 137, 170 (1920)).

Additionally, the Court does not find that enforcement of the forum-selection clause would be unreasonable. Plaintiffs, who are Virginia residents, assert in their Complaint that they "never would have purchased the subject trailer" had they known that "they had to go to Indiana to file suit." Compl. ¶¶ 5, 6, 11. However, any claim of inconvenience caused by Plaintiffs having to litigate this case in Indiana is the kind of claim that the Supreme Court directed courts to disregard. *See Atl. Marine*, 571 U.S. at 64 ("[W]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation.").

Moreover, the Court finds that enforcing the forum-selection clause would not deprive Plaintiffs of their day in court or a remedy under law. First, Plaintiffs' cause of action for violations of the federal Magnuson-Moss Warranty Act will survive even after transfer to the Northern District of Indiana. Second, the Court notes that Defendant Jayco has conceded that there are laws in Indiana—such as the Indiana Deceptive Consumer Sales Act, IN Code § 24-5-0.5-3—under which Plaintiffs may raise similar claims against Defendant Jayco as they presently do under the Virginia Consumer Protection Act. Dkt. 15 at 5; *see also* Compl. ¶¶ 17–20. For these reasons, the

6

Court finds that the forum-selection clause contained in the Limited Warranty is a valid and enforceable contractual term that warrants transferring Plaintiffs' case against Defendant Jayco to the Northern District of Indiana.

## II.     The Court Finds That it is Appropriate to Transfer This Civil Action in its Entirety

Finally, the Court will address the application of the forum-selection clause to Defendant Camping World, who is a non-contracting party to the Limited Warranty. As stated earlier, courts within this district have adopted the analytical approach taken by the Third and Fifth Circuits in deciding whether transfer is warranted in the presence of a non-contracting party to the forum-selection clause. *See Waterman*, 2020 WL 1290595, at *2–3 (stating that the Court should consider (1) the forum-selection clause; (2) the private and public interests of non-contracting parties; (3) issues of jurisdiction and severance; and (4) judicial efficiency and any other public interests that might weigh against enforcing the clause). The Court finds that under this analysis, this case should be transferred in its entirety.

As to the first factor in the analysis, because, for the reasons stated earlier, the Court finds that the forum-selection clause is a valid and enforceable contractual term, this case does not present one of those "unusual cases" in which the claims bound by the clause should not be litigated in the chosen forum. *Id.* at *3. As to the second factor, the Court finds that Camping World's interests would not be prejudiced by transferring this entire case to the Northern District of Indiana since Camping World has assented to transfer. *See* Dkt. 17 at 5 n.4. As to the third factor, though Virginia has an interest in protecting consumers within the commonwealth from alleged unlawful conduct committed by entities conducting business here, Indiana equally has an interest in this case since the subject camper was manufactured in that forum state. Finally, the

7

Court finds no reason to sever this case when Plaintiffs raise the same claims against both Defendants and, as already stated, Camping World consents to transfer.[2] Accordingly, it is hereby

**ORDERED** that Defendant Jayco's Motion to Transfer (Dkt. 16) is **GRANTED**; and it is further

**ORDERED** that this civil action be and is **TRANSFERRED** to the District Court for the Northern District of Indiana, South Bend Division.

Dated: January 4, 2024
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge

---

[2] On this point, the Court finds it appropriate to leave it to the sound judgment of the transferee court to determine what choice of law will govern any state law claims Plaintiffs may have against Defendant Camping World. Since Camping World is not a party to the Limited Warranty, then Plaintiffs' claims against Defendant Camping World would remain subject to the choice of law rules of the transferor court. *See Waterman*, 2020 WL 1290595, at *7 (explaining that under traditional rules regarding transfer between federal courts, because the non-contracting defendant was not subject to the forum-selection clause, then the transferee court would assess the plaintiff's claims against the non-contracting defendant under the transferor court's choice of law rules). However, Camping World's Purchase Agreement with Plaintiffs contains its own choice-of-law provision, *see* Dkt. 8-1 at 3, which Camping World did not invoke in either its Partial Motion to Dismiss (Dkts. 10, 11) or its Answer to the Complaint (Dkt. 8).